RIVERA, PLAINTIFF AND APPELLEE, *v.* RIVERA, DEFENDANT AND APPELLANT.

Appeal from the District Court of Mayagüez in an Action for Divorce.

No. 2799.—Decided February 5, 1923.

DEFAULT—JUDGMENT—SERVICE OF SUMMONS—RETURN—DISCRETION OF COURT.—
A statement that the person who served the summons was over eighteen years of age not appearing to have been made under oath and the affidavit not having been amended so as to supply the omission, a default judgment is null and void and in refusing so to hold and open the default the district court abused its discretion.

The facts are stated in the opinion.

*Messrs. Benet & Souffront* for the appellant.

*Messrs. A. Arnaldo* and *J. Texidor* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Castor Lino Rivera brought an action for divorce in the District Court of Mayagüez. In substance he alleged in the complaint that in Rockville, Montgomery County, Maryland, he married Mary Evelyn Easterday on February 25, 1913; that he lived with her until disagreements arose and it was decided that she should come to live in Mayagüez, Porto Rico, with the parents of the plaintiff and that he should continue his studies in medicine on the mainland; that without any reason his wife left the home of the plaintiff's parents and went to live in Washington, D. C., while the husband was residing in Chicago; that in the month of February, 1916, the defendant deliberately abandoned her husband and refused to live with him notwithstanding his efforts and requests; that after having finished his studies the plaintiff returned to Porto Rico and while here his wife

arrived and went to reside separately in San Germán, and
that the plaintiff had been unable to induce her to live with
him in the same home as husband and wife; for all of which
reasons he prayed the court to dissolve the marriage bonds
existing between him and Mary Evelyn Rivera, *née* Mary
Evelyn Easterday.

After the complaint was filed the clerk of the court issued
a summons which was returned as follows:

"Return of summons served on defendant Mary Evelyn Rivera,
*née* Mary Evelyn Easterday.—Affidavit.—I, Dionisio Ulises Pabón y
Toro, 53 years of age, married, lawyers' agent and resident of San
Germán, hereby declare under oath: That having received instruc-
tions from attorney José Ramón Freyre to serve the within sum-
mons issued by the clerk of the District Court of Mayagüez in civil
action No. 6550, Rivera vs. Rivera for divorce, on defendant Mary
Evelyn Rivera, on the 2nd day of April, 1918, at 10 a. m. I went
personally to the residence of the said defendant at No. 153 Luna
Street, San Germán, P. R., and served the said summons on the
said Mary Evelyn Rivera, *née* Mary Evelyn Easterday, personally
by delivering to her and leaving in her possession a true and exact
copy of the complaint in the said action for divorce against her
filed in the clerk's office of the District Court for the Judicial Dis-
trict of Mayagüez, P. R., and numbered 6550, together with a true
and exact copy of the within summons showing the day and hour on
which the said defendant was summoned. I further declare under
oath that I am not a party to this action; that I am not related to
any of the parties, and that I have no interest whatsoever in the
subject-matter. I so declare under oath for all legal purposes in San
Germán, P. R., this 3rd day of April, 1918. (Signed) D. U. Pabón,
affiant—No. 487. Sworn to and signed before me by Dionisio Ulises
Pabón y Toro, married, of age, lawyers' agent and resident of this
city, whom I personally know. San Germán, April 3, 1918.
(Signed) Sebastián Quintana Ithier, Justice of the Peace.—(Can-
celed 25c. Internal Revenue Stamp.)"

The defendant did not answer. Her default was noted.
The trial was held on November 15, 1918, in her absence and
on the 18th of the same month the court rendered judgment
sustaining the complaint.

It appears from the record that the clerk mailed a notice of the judgment addressed to the defendant at her residence, Luna Street No. 153, San Germán, P. R. The letter was returned by the post office because unclaimed. Then it was ordered that notice of the judgment be given by publication in a newspaper of the city of Mayagüez, P. R. This was done.

At this juncture, on March 24, 1922, the defendant appeared before the court and moved that the default be opened and that she be allowed to file her answer so that the case could be heard on its merits. This motion is long and it is contended therein that the wife did not abandon the husband and that she was not lawfully summoned, for which last reason she alleged that it did not appear that the court acquired jurisdiction of the person of the defendant.

The court heard both parties and refused to open the default, whereupon the defendant took the present appeal.

Examining the foregoing facts in the light of the law and of the repeated jurisprudence of this court on the point, it is necessary to conclude that the court erred in refusing to open the default. See sections 92, 97 and 98 of the Code of Civil Procedure, Compilation of 1911, page 857, and the decisions of this court in *Buonomo v. Succession of Juncos,* 28 P. R. R. 380; *Goldsmith* v. *Villari,* 27 P. R. R. 726; *Quintana et al.* v. *Aponte,* 26 P. R. R. 169; *Torres & Enseñat* v. *Alfaro,* 24 P. R. R. 683; *Serrano* v. *Berdiel et al.,* 22 P. R. R. 416; *Andino* v. *Knight,* 20 P. R. R. 185; *Freiría & Co.* v. *R. Félix Hermanos & Co.,* 20 P. R. R. 148, and *Orcasitas* v. *Márquez et al.,* 19 P. R. R. 454.

The process server not having declared under oath that he was over eighteen years of age and the affidavit not having been amended, the jurisdiction of the court did not properly appear from the record when the court rendered the default judgment, nor when it made the order appealed from.

This is an action for divorce brought by the husband for the cause of abandonment. There are children of the marriage. The wife, who was not summoned in full compliance with the law, now appears and moves for a trial of the case on its merits. If there are occasions when the technicalities of the law favor the administration of justice, this is clearly one of them.

The order appealed from is vacated, the judgment is set aside, the default is opened and the defendant is allowed ten days within which to answer, to run from the date of the filing of this judgment in the district court.

*Reversed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.